**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANCISCO J. RAMOS,**

        **Plaintiff,**

**-vs-**          **Case No. 6:04-cv-1741-Orl-19KRS**

**SUNSHINE CONSTRUCTION, INC.,**
**BRADLEY S. PETRENCSIK,**

        **Defendants.**

## ORDER

This matter comes before the Court *sua sponte*. On November 30, 2004, Francisco Ramos filed a complaint against Sunshine Construction, Inc. (SCI) and Bradley S. Petrencsik (collectively "the defendants"), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law. Doc. No. 1.

At this stage in the proceedings, I am compelled to question whether the Court has subject matter jurisdiction over the state law claims asserted in the complaint. Subject matter jurisdiction implicates the court's authority to adjudicate a particular case and, as such, it may be challenged by either party, or by the court *sua sponte*, at any time while the action is pending. Fed. R. Civ. P. 12(h)(3); *Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.").

If the Court has subject matter jurisdiction over the state law claim asserted by Ramos in this action, it is by virtue of 28 U.S.C. § 1367. This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11thCir. 1997) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25 (1966)). The Court may decline to exercise supplemental jurisdiction over a claim arising under state law in the following circumstances:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Whether to exercise supplemental jurisdiction over state law claims is inherently a fact-specific inquiry. *See, e.g., Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995).

Ramos's state law claim arises from allegations that SCI "[w]illfully failed to pay [him] wages/compensation due to him with regard to his employment." Doc. 1 at 5. The Florida statutory provision that Ramos relies upon in his complaint – "Chapter 448 of the Florida Statutes" – is entirely distinct from the FLSA. Indeed, it appears that Chapter 448 may not provide a private right of action to collect unpaid wages. *See, e.g.*, *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 575 (Fla. 5th Dist. Ct. App. 2002) (finding that Florida Stat. § 448.01 does not apply to hourly employees and expressing concern with the vagueness of the statute). Thus, whether Ramos's claim for unpaid wages under

Chapter 448 of the Florida Statutes even states a cause of action raises "a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).

To the extent Ramos's claim for unpaid wages under "Florida common law" might be construed as a breach of contract action, any disputes about whether such an agreement existed, the terms of the agreement and whether Ramos complied with the terms of the agreement, are factually distinct from the question of whether the defendants paid Ramos the minimum wage and overtime compensation required by the FLSA. *See Lyon*, 45 F.3d at 763-64. Even assuming that there would be some factual overlap between the determination of Ramos's "regular rate of pay" for FLSA purposes and the contractually agreed rate of pay, the other questions incident to the state law claims would substantially predominate over the FLSA claim. *See, e.g.,* 28 U.S.C. § 1367(c)(2); *Krause v. Cherry Hill Fire District 13*, 969 F. Supp. 270, 283 (D.N.J. 1997).

Ramos may bring his state law claim – indeed, may bring all of his claims – in state court should he seek to have the matters resolved in one forum. As such, there is no unfairness or inconvenience to the parties and judicial economy will be served by permitting the state law claim to be fully litigated in state court. Accordingly, even if the state claim arises out of a common nucleus of operative fact with the FLSA claim, I decline to exercise supplemental jurisdiction over this claim.

Based on the foregoing, it is hereby **ORDERED** that Ramos's state law claim for unpaid wages under Florida Statutes, Chapter 448 and Florida common law (Count III) is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties